UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 15-22080-CIV-ALTONAGA

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

PHIL DONNAHUE WILLIAMSON,

    Defendant.
_____/

**FINAL JUDGMENT**

The Securities and Exchange Commission having filed a Complaint and Defendant Phil Donnahue Williamson ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment, waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

**I.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and his agents, servants, employees, attorneys, representatives, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, while acting as an investment adviser, Sections 206(1), (2), and (4) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1), (2) and (4)], and Advisers Act Rule 206(4)-8 [17 C.F.R. § 275.206(4)-8(a)] by using the mails or any means or instruments of transportation or communication in interstate commerce to:

CASE NO. 15-22080-CIV-ALTONAGA

 (a) employ any device, scheme, or artifice to defraud any client or prospective client; or

 (b) engage in any transaction, practice or course of business which operates or would operate as a fraud or deceit upon any client or prospective client;

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any client or prospective client, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any client or prospective client, about:

  (A) any investment strategy or investment in securities;

  (B) the prospects for success of any product or company;

  (C) the use of client funds;

  (D) compensation to any person;

  (E) Defendant's qualifications to advise clients; or

  (F) the misappropriation of investor funds or investor proceeds.

**II.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $748,050.01. This obligation will be deemed satisfied upon the entry of an anticipated order of restitution to be entered in *United States v. Williamson* in the District Court for the Southern District of Florida, Case No. 1:15cr20379. Further, a civil penalty shall not be imposed based upon the anticipated prison sentence in *United States v. Williamson* in the District Court for the Southern District of Florida, Case No. 1:15cr20379.

CASE NO. 15-22080-CIV-ALTONAGA

### III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and Defendant shall comply with all of the undertakings and agreements set forth therein.

### IV.

The Court retains jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

### V.

Plaintiff's Request for Entry of Judgment of Permanent Injunction and Other Relief **[ECF No. 4]** is **GRANTED**. The Clerk is instructed to mark this case as **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 2nd day of June, 2015.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record